```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

WILLIE ELSWICK,

    Plaintiff,

v.                            Civil Action No. 2:19-cv-00221

ROBERT JOHNSON, individually;
COUNTY COMMISSION OF LOGAN
COUNTY, a political subdivision
of the State of West Virginia,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a motion for summary judgment, filed by defendant County Commission of Logan County ("the County Commission") on February 6, 2020.

## I. Background

This case arises from a September 20, 2017 altercation between plaintiff and his neighbor that ultimately resulted in plaintiff's arrest. See Pl.'s Resp. 1–2, ECF No. 23 ("Pl.'s Resp."); Pl.'s Dep. 15–16, ECF No. 21-1 (Pl.'s Dep."). According to plaintiff, the confrontation began as the neighbor sought information from plaintiff regarding property damage to the neighbor's vehicle. The neighbor threatened plaintiff with a baseball bat, leading plaintiff to defend himself with a tire

iron and wrestle the neighbor to the ground. Plaintiff then returned to a friend's trailer following the fight. Pl.'s Resp. 2; Pl.'s Dep. 19-20. Shortly thereafter, defendant Robert Johnson, a deputy for the Logan County Sheriff's Department, arrived at the scene in response to a 911 call received from a neighbor who had witnessed the altercation. Pl.'s Resp. 2; Pl.'s Dep. 24. In the events that followed, defendant Johnson entered the trailer and then proceeded to shove plaintiff to the ground, stomped on him, and hit him in the face. Pl.'s Dep. 31. Officer Johnson also threw unopened beer cans at plaintiff, one of which hit plaintiff in the head. Id. at 52–53. Officer Johnson later handcuffed plaintiff and concluded the arrest. Id. at 63.

On March 26, 2019, plaintiff filed a complaint, alleging excessive force in violation of the Fourth Amendment of the United States Constitution against defendant Johnson under 42 U.S.C. § 1983 (Count I), unreasonable search and seizure in violation of the Fourth Amendment under § 1983 (Count II), and negligent training and supervision against defendant County Commission under West Virginia common law (mislabeled as another "Count II" and referred to herein as "Count III"). The County Commission filed a motion for summary judgment as to Count III, the only count in which it is named.

## II. Legal Standard

A. <u>Summary Judgment</u>

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those necessary to establish the elements of a party's cause of action. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see also</u> <u>News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.</u>, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine" dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248.

Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). A party is entitled to summary judgment if the record, as a whole, could not lead a rational trier of fact to find for the non-moving party. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable

fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

    B. Negligent Supervision and Training

Under West Virginia law, claims of negligent supervision and training are governed by general negligence principles. See, e.g., Woods v. Town of Danville, 712 F. Supp. 2d 502, 515 (S.D.W. Va. 2010). These claims "must rest upon a showing that [a municipal defendant] failed to properly supervise [the employee] and, as a result, [the employee] proximately caused injury to the plaintiffs." Id. (citing Taylor v. Cabell Huntington Hosp., Inc., 538 S.E.2d 719, 725 (W. Va. 2000)); see also Lester v. City of Gilbert, 85 F. Supp. 3d 851, 865 (S.D.W. Va. 2015). As with general negligence, "the analysis centers on whether the employer was on notice of the employee's propensity (creating a duty), yet unreasonably failed to take action (manifesting a breach), resulting in harm to a third-party from the employee's tortious conduct." Radford v. Hammons, No. CIV.A. 2:14-24854, 2015 WL 738062, at *7 (S.D.W. Va. Feb. 20, 2015) (citing 30 C.J.S. Employer–Employee § 205).

III. Discussion

The County Commission argues that plaintiff has presented no evidence to show that it failed to supervise

defendant Johnson and, as a result, defendant Johnson proximately caused injury to plaintiff. Def.'s Mem. Supp. Mot. Partial Summ. J. 4, ECF No. 22 ("Def.'s Mem."). In support, the County Commission cites this court's memorandum opinion and order entered in Messer v. Johnson, No. 2:18-CV-00524, 2019 WL 2079771, at *1 (S.D.W. Va. May 10, 2019), vacated, No. 2:18-CV-00524, 2019 WL 3530801 (S.D.W. Va. May 17, 2019), an excessive force case also involving defendant Johnson.[1] In Messer, the record showed that "[a]s defendant Johnson led Mr. Messer to the police cruiser, Mr. Messer fell and, being unable to break his fall with his hands, suffered a severe head injury." Id. at *1. The May 10, 2019 opinion made the following findings, which both plaintiff and the County Commission quote in full:

> Here, there is no evidence that defendant Johnson had any negative propensity of which the County Commission was aware but failed to address. Rather, the County Commission presents evidence that defendant Johnson was never the subject of a lawsuit arising out of his conduct as an officer, and had never been the subject of an excessive force complaint. Nor does the record contain any evidence that the County Commission was negligent in training defendant Johnson or that any lack of training caused the plaintiff's injuries. Rather, it shows that Defendant Johnson graduated from the police academy in 2010 and has since continued to receive training. The evidentiary record, as presented, fails to show that the County Commission

---

[1] The court's May 10, 2019 opinion was later vacated on May 17, 2019 after the parties informed the court that they had previously settled prior to the order's entry. See Messer v. Johnson, No. 2:18-CV-00524, 2019 WL 3530801, at *1 (S.D.W. Va. May 17, 2019).

> should have foreseen a risk of harm to a third-party
> through its retention, training, and supervision of
> defendant Johnson.  The plaintiff has not presented
> any evidence to the contrary.

Id. (citations omitted); Def.'s Mem. 6; Pl.'s Resp. 3.

Plaintiff does not provide any new evidence regarding the County Commission or defendant Johnson's conduct except for reference to Messer itself.  Plaintiff argues that Messer put the County Commission "on notice of a foreseeable risk of harm through its retention, training, and supervision of defendant Johnson" because the allegations in Messer predated the events in the present case.  Pl.'s Resp. 2; see also Compl. ¶ 55, ECF No. 1.  However, the complaint in Messer was only filed on April 3, 2018, which means the County Commission was not put on notice of the allegations of misconduct in that complaint at the time of the September 2017 incident in this case.  The subsequent lawsuit, filed after the events alleged in this case, does not demonstrate a failure to train or supervise.

Plaintiff further relies on a September 2016 news report describing the August 18, 2016 incident in Messer and the Freedom of Information Act (FOIA) request filed by plaintiff's counsel in August 2016, which was rejected by the Logan County Sheriff's Department.  Pl.'s Resp. 3–4; Ex. A, ECF No. 23-1

("FOIA Letter").[2] Neither of these documents show that the County Commission failed to investigate or review the Messer incident or that it failed to discipline defendant Johnson for any alleged misconduct. The Logan County Sheriff's Department's FOIA rejection letter states that the request for information was denied under W. Va. Code § 29B-1-4(a)(4) because the investigation was deemed law enforcement sensitive and that any inquiries should be directed to the Logan County Prosecuting Attorneys' Office, which was handling the investigation. See FOIA Letter. Although these materials point to the existence of an injury stemming from the August 18, 2016 arrest in Messer, they do not evince any misconduct by defendant Johnson or a failure to train or supervise. See Tomashek v. Raleigh Cty. Emergency Operating Ctr., 344 F. Supp. 3d 869, 878 (S.D.W. Va. 2018) ("Negligence must not be inferred based on the existence of injury alone.").

As in Messer, the evidentiary record, as presented, fails to show that the County Commission should have foreseen a

---

[2] Kate White, Man on Life Support After Beating from Logan Deputy, Family Says, Charleston Gazette-Mail (Sept. 5, 2016), https://www.wvgazettemail.com/news/legal_affairs/man-on-life-support-after-beating-from-logan-deputy-family/article_231fbf50-36a5-5ab8-804f-f54dfd07e950.html.

risk of harm to a third-party through its training and supervision of defendant Johnson.

IV. Conclusion

It is, accordingly, ORDERED that the County Commission's motion for summary judgment be, and it hereby is, granted. It is further ORDERED that Count III of the complaint be, and it hereby is, dismissed. Count III being the only claim raised against the County Commission, it is additionally ORDERED that the County Commission be, and it hereby is, dismissed from this action.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: April 8, 2020

John T. Copenhaver, Jr.
Senior United States District Judge